The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SUELLYN RADER BLYMYER, individually, SUELLYN RADER BLYMYER, in her capacity as the Personal Representative of the Estate of Lyle J. Rader, and UPTRAIL GROUP, LLC,<br><br>Defendants. | C13-1555 JCC<br><br><br>**ORDER GRANTING CONSENT DECREE** |

WHEREAS, the Plaintiff, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed the Complaint herein against Defendants Suellyn Rader Blymyer, in her individual capacity and in her capacity as the Personal Representative of the Estate of Lyle J. Rader, and Uptrail Group, LLC, (collectively, "Defendants"), alleging that Defendants violated Section 301(a) of the Clean Water Act ("CWA"), 33 U.S.C. § 1311(a);

WHEREAS, the Complaint alleges that Defendants violated CWA Section 301(a) by discharging dredged or fill material and/or controlling and directing the discharge of dredged or

1

fill material into waters of the United States at a site located in Whatcom County, Washington, (the "Site") and more fully described in the Complaint, without authorization by the United States Department of the Army ("the Corps");

WHEREAS, the Complaint seeks (1) to enjoin the discharge of pollutants into waters of the United States in violation of CWA Section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, at their own expense and at the direction of EPA, to restore and/or mitigate the damages caused by their unlawful activities; and (3) to require Defendants to pay civil penalties as provided in 33 U.S.C. § 1319(d);

WHEREAS, the Defendants neither admit nor deny the allegations in the Complaint and nothing in this Consent Decree shall constitute or be construed as an admission of liability, fact or law, or any wrongdoing on the part of the Defendants.

WHEREAS, this Consent Decree is intended to constitute a complete and final settlement of the United States' claims under the CWA set forth in the Complaint regarding the Site;

WHEREAS, the United States and Defendants agree that settlement of this case is in the public interest and that entry of this Consent Decree is the most appropriate means of resolving the United States' claims under the CWA against Defendants in this case; and

WHEREAS, the Court finds that this Consent Decree is a reasonable and fair settlement of the United States' claims against Defendants in this case, and that this Consent Decree adequately protects the public interest in accordance with the CWA and all other applicable federal law.

THEREFORE, before the taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon consent of the parties hereto by their authorized representatives, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of these actions and over the parties pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

2. Venue is proper in the Western District of Washington pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because Defendants conduct business in this District, the subject property is located in this District, and the causes of action alleged herein arose in this District.

3. The Complaint states claims upon which relief can be granted pursuant to Sections 301, 309 and 404 of the CWA, 33 U.S.C. §§ 1311, 1319 and 1344.

## II. APPLICABILITY

4. The obligations of this Consent Decree shall apply to and be binding upon Defendants, their officers, directors, agents, employees and servants, and their successors and assigns and any person, firm, association or corporation who is, or will be, acting in concert or participation with any of the Defendants whether or not such person has notice of this Consent Decree.  In any action to enforce this Consent Decree against a Defendant, except as expressly permitted under this Consent Decree, the Defendant shall not raise as a defense the failure of any of its officers, directors, agents, employees, successors or assigns or any person, firm or corporation acting in concert or participation with the Defendant, to take any actions necessary to comply with the provisions hereof.

5. The transfer of ownership or other interest in the "Restoration Area" and/or "Enhancement Area" (the Central Area and South Area, respectively, as described in Appendix A appended hereto and incorporated herein by reference) shall not alter or relieve Defendants of their obligation to comply with all of the terms of this Consent Decree.  At least fifteen (15) days

prior to the transfer of ownership or other interest in the Restoration Area and/or the Enhancement Area, the party making such transfer shall provide written notice and a true copy of this Consent Decree to its successors in interest and shall simultaneously notify EPA and the United States Department of Justice at the addresses specified in Section IX below that such notice has been given.  As a condition to any such transfer, the Defendant making the transfer shall reserve all rights necessary to comply with the terms of this Consent Decree.

**III.  SCOPE OF CONSENT DECREE**

6. This Consent Decree shall constitute a complete and final settlement of all civil claims for injunctive relief and civil penalties alleged in the Complaint against Defendants under CWA Section 301 concerning the Site.

7. It is the express purpose of the parties in entering this Consent Decree to further the objectives set forth in CWA Section 101, 33 U.S.C. § 1251.  The parties agree all plans, studies, construction, remedial maintenance, monitoring programs, and other obligations in this Consent Decree or resulting from the activities required by this Consent Decree have the objective of causing Defendants to achieve and maintain full compliance with, and to further the purposes of, the CWA.

8. Defendants' obligations under this Consent Decree are joint and several.

9. Except as in accordance with this Consent Decree, Defendants and Defendants' agents, successors and assigns are enjoined from discharging any pollutant into waters of the United States at the Site, unless such discharge complies with the provisions of the CWA and its implementing regulations.

10. The parties acknowledge that Nationwide Permit 32, found at 77 Fed. Reg. 10,184 (Feb. 21, 2012), authorizes the discharge of dredged or fill material insofar as such discharge is necessary to complete the work required to be performed pursuant to this Consent Decree.  Any

such discharge of dredged or fill material necessary for work required by this Consent Decree shall be subject to the conditions of the Nationwide Permit and this Consent Decree.  No later than 30 days after entry of this Consent Decree, Defendants will apply to the United States Army Corps of Engineers for authorization under Nationwide Permit 32, and will timely respond to all requests for information by the Corps.

11. This Consent Decree is not and shall not be interpreted to be a permit or modification of any existing permit issued pursuant to Sections 402 or 404 of the CWA, 33 U.S.C. §§ 1342 or 1344, or any other law.  Nothing in this Consent Decree shall limit the ability of the United States Army Corps of Engineers to issue, modify, suspend, revoke or deny any individual permit or any nationwide or regional general permit, nor shall this Consent Decree limit EPA's ability to exercise its authority pursuant to Section 404(c) of the CWA, 33 U.S.C. § 1344(c).

12. This Consent Decree in no way affects or relieves Defendants of their responsibility to comply with any applicable federal, state, or local law, regulation or permit.

13. This Consent Decree in no way affects the rights of the United States as against any person not a party to this Consent Decree.

14. The United States reserves any and all legal and equitable remedies available to enforce the provisions of this Consent Decree and applicable law; except as provided for in this Consent Decree, Defendants reserve any and all rights and defenses, both legal and equitable, in any future action by the United States.

15. The Defendants neither admit nor deny the allegations in the Complaint and nothing in this Consent Decree shall constitute or be construed as an admission of liability, fact or law, or any wrongdoing on the part of the Defendants.  Nothing in this Consent Decree shall constitute an admission of fact or law by any party.

## IV.  SPECIFIC PROVISIONS

### Civil Penalties

16. Defendants shall pay a civil penalty to the United States in the amount of two hundred and ten thousand dollars ($210,000.00), within thirty (30) days of entry of this Consent Decree.

17. Defendants shall make the above-referenced payment by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the U.S. Department of Justice account in accordance with current electronic funds transfer procedures, referencing U.S.A.O. file number (2014V00453), EPA Region 10, and the DOJ case number (DJ # 90-5-1-1-19398).  Payment shall be made in accordance with instructions provided to Defendants by the Financial Litigation Unit of the United States Attorney's Office for the Western District of Washington.  Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day.

18. Upon payment of the civil penalty required by this Consent Decree, Defendants shall provide written notice, at the addresses specified in Section IX of this Consent Decree, that such payment was made in accordance with Paragraph 17.

19. Civil penalty payments pursuant to this Consent Decree (including stipulated penalty payments under Section VIII) are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), or of 26 C.F.R. § 1.162-21 and are not tax deductible expenditures for purposes of federal law.

**Restoration, Mitigation and Preservation**

20. Defendants shall perform the work under the terms and conditions stated in Appendix A appended hereto and incorporated herein by reference.

21. Upon completion of the terms and conditions of Appendix A, Defendants shall not mow, cut, clear, cultivate, dredge, excavate, farm, fill, dewater, drain or otherwise disturb in any manner whatsoever any location identified in Appendix A, except as approved by EPA or in accordance with the Conservation Easement (see Paragraph 23).

22. To ensure that all parcels of land identified in Appendix A remain undisturbed, Defendants shall, within fifteen (15) days of entry of this Consent Decree, record a certified copy of this Consent Decree with the Auditor's Office, in Whatcom County, Washington.  Thereafter, each deed, title, or other instrument conveying an interest in any property identified in Appendix A shall contain a notice stating that the property is subject to this Consent Decree and shall reference the recorded location of the Consent Decree and any restrictions applicable to the property under this Consent Decree.

23. Defendants shall, within fifteen (15) days of entry of this Consent Decree, execute and deliver to Whatcom County a deed of easement as contained in Appendix B appended hereto and incorporated herein by reference.

**V.  NOTICES AND OTHER SUBMISSIONS**

24. Within thirty (30) days after the deadline for completing any task set forth in Appendix A of this Consent Decree, Defendants shall provide the United States with written notice, at the addresses specified in Section IX of this Consent Decree, of whether or not that task has been completed.

25. If the required task has been completed, the notice shall specify the date when it was completed.  If the task was not or has not been completed within the scheduled time for such

completion required by the Consent Decree, the notice shall explain the reasons for any delay in completion.

26. In all notices, documents or reports submitted to the United States pursuant to this Consent Decree, Defendants shall, by signature of a senior management official, certify such notices, documents and reports as follows:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering such information, the information submitted is, to the best of my knowledge and belief, true, accurate and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

**VI. RETENTION OF RECORDS AND RIGHT OF ENTRY**

27. Until ten years after entry of this Consent Decree (the "Document Retention Period"), Defendants shall preserve and retain all records and documents now in their possession or control or which come into their possession or control that relate to the performance of the tasks in Appendix A, regardless of any corporate retention policy to the contrary. Until ten years after entry of this Consent Decree, Defendants shall also instruct their contractors and agents to preserve all records and documents that relate to the performance of the tasks in Appendix A. "Records and documents" means all written or graphic documentation, both physical and electronic, but shall exclude voicemail messages, text messages, and social media.

28. At the conclusion of the Document Retention Period, Defendants shall notify the United States at least ninety (90) days prior to the destruction of any such records or conclusion of the Document Retention Period, and, upon request by the United States, Defendants shall deliver any all such records or documents to EPA. Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Defendants assert such a privilege, they shall provide the United States with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Defendants. However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

29. A. Until termination of this Consent Decree, the United States and its authorized representatives and contractors shall have authority at all reasonable times, after providing reasonable prior notice to Defendants and upon presentation of credentials or other documentation identifying the individual as an employee or contractor of EPA or the Department of Justice, to enter the Restoration Action Area (as defined in Appendix A) to:

   1) Monitor the activities required by this Consent Decree;

   2) Verify any data or information submitted to the United States pursuant to this Consent Decree;

   3) Obtain samples for purposes of verifying compliance with this Consent Decree. At the time samples are taken, the United States will concurrently provide the Defendants a duplicate sample(s).The United States will provide

> Defendants a copy of any final report or analysis related to the samples within a reasonable time after EPA receives such report or analysis;
>
> 4) Inspect and evaluate Defendants' performance of the tasks in Appendix A; and
>
> 5) Inspect and review any records and documents required to be kept under Paragraph 27 of this Consent Decree.

B. This provision of this Consent Decree is in addition to, and in no way limits or otherwise affects, the statutory authorities of the United States to conduct inspections, to require monitoring and to obtain information from Defendants as authorized by law.

## VI.  DISPUTE RESOLUTION

30. Any dispute that arises with respect to the meaning or requirements of this Consent Decree shall be, in the first instance, the subject of informal negotiations between the United States and Defendants affected by the dispute to attempt to resolve such dispute.  The period for informal negotiations shall not extend beyond sixty (60) days beginning with written notice by one party to the other affected party or parties that a dispute exists, unless agreed to in writing by those parties.  If a dispute between the United States and Defendants cannot be resolved by informal negotiations, then the position advanced by the United States shall be considered binding unless, within thirty (30) days after the end of the informal negotiations period, Defendants file a motion with the Court seeking resolution of the dispute.  The motion shall set forth the nature of the dispute and a proposal for its resolution.  The United States shall have thirty (30) days to respond to the motion and propose an alternate resolution.  The Defendants may file a reply memorandum within thirty (30) days of the United States' response.  In resolving any such dispute, Defendants shall bear the burden of demonstrating that the United States' position is not in accordance with the objectives of this Consent Decree, and that

Defendants' position will achieve compliance with the terms and conditions of this Consent Decree and Defendants' position does not violate the CWA.

31.     If the United States believes that a dispute is not a good faith dispute, or that a delay would pose or increase a threat of harm to the public or the environment, it may move the Court for a resolution of the dispute prior to the expiration of the sixty (60) day period for informal negotiations.  Defendants shall have thirty (30) days to respond to the motion and propose an alternate resolution.  In resolving any such dispute, Defendants shall bear the burden of demonstrating that United States' position is not in accordance with the objectives of this Consent Decree, and that Defendants' position will achieve compliance with the terms and conditions of this Consent Decree and Defendants' position does not violate the CWA.

32.     The filing of a motion asking the Court to resolve a dispute shall not extend or postpone any obligation of Defendants under this Consent Decree, except as provided in Paragraph 41 below regarding payment of stipulated penalties.

**VII.  FORCE MAJEURE**

33.     Defendants shall perform the actions required under this Consent Decree within the time limits set forth or approved herein, unless the performance is prevented or delayed solely by events which constitute a Force Majeure event.  A Force Majeure event is defined as any event arising from causes beyond the control of Defendants, including their employees, agents, consultants and contractors, which could not be overcome by due diligence and which delays or prevents the performance of an action required by this Consent Decree within the specified time period.  A Force Majeure event does not include, inter alia, increased costs of performance, changed economic circumstances, changed labor relations, normal precipitation or climate events, changed circumstances arising out of the sale, lease or other transfer or

conveyance of title or ownership or possession of a site, or failure to obtain federal, state or local permits.

34.　　If Defendants believe that a Force Majeure event has affected Defendants' ability to perform any action required under this Consent Decree, Defendants shall notify the United States in writing within seven (7) calendar days after the event at the addresses listed in Section IX.  Such notice shall include a discussion of the following:

　　　　A.　　what action has been affected;

　　　　B.　　the specific cause(s) of the delay;

　　　　C.　　the length or estimated duration of the delay; and

　　　　D.　　any measures taken or planned by Defendants to prevent or minimize the delay and a schedule for the implementation of such measures.

Defendants may also provide to the United States any additional information that they deem appropriate to support their conclusion that a Force Majeure event has affected their ability to perform an action required under this Consent Decree.  Failure to provide timely and complete notification to the United States shall constitute a waiver of any claim of Force Majeure as to the event in question.

35.　　If the United States determines that the conditions constitute a Force Majeure event, then the deadline for the affected action shall be extended by the amount of time of the delay caused by the Force Majeure event.  Defendants shall coordinate with EPA to determine when to begin or resume the operations that had been affected by any Force Majeure event.  Stipulated penalties do not apply or accrue to any affected action from the date of the Force Majeure event through the extended deadline for the affected action.

36.　　If the parties are unable to agree whether the conditions constitute a Force Majeure event, or whether the length of time for fulfilling the provision of the Consent Decree at

issue should be extended, any party may seek a resolution of the dispute under the procedures in Section VI of this Consent Decree.

37. Defendants shall bear the burden of proving (1) that the noncompliance at issue was caused by circumstances beyond the control of Defendants and any entity controlled by Defendants, including their contractors and consultants; (2) that Defendants or any entity controlled by Defendants could not have foreseen and prevented such noncompliance; and (3) the number of days of noncompliance that were caused by such circumstances.

## VIII. STIPULATED PENALTIES

38. After entry of this Consent Decree, if Defendants fail to timely fulfill any requirement of the Consent Decree (including Appendix A), Defendants shall pay a stipulated penalty to the United States for each violation of each requirement of this Consent Decree as follows:

| | | |
|---|---|---|
| A. | For Day 1 up to and including Day 30 of non-compliance; | $1000.00 per day |
| B. | For Day 31 up to and including 60 of non-compliance; and | $2,000.00 per day |
| C. | For Day 61 and beyond of non-compliance. | $3,000.00 per day |

Except as provided in Paragraphs 39 and 41 of this Section, stipulated penalty payments shall be made without demand by the United States on or before the last day of the month following the month in which the stipulated penalty accrued.

39. Defendants may request in writing that the United States waive stipulated penalties which have been assessed pursuant to Paragraph 38. The United States may, in its sole discretion, waive such claims for stipulated penalties. A request for waiver shall not alter any

13

deadline or other requirement of this Consent Decree and shall not stay the accrual of stipulated penalties.  In the event that EPA decides not to waive stipulated penalties, stipulated penalties shall be paid by Defendants within thirty (30) days after EPA mails notice of its decision.

40. Any disputes concerning the amount of stipulated penalties, or the underlying violation that gives rise to the stipulated penalties, that cannot be resolved by the parties pursuant to the Dispute Resolution provisions in Section VI and/or the Force Majeure provisions in Section VII shall be resolved upon motion to this Court as provided in Paragraphs 30 and 31.

41. The filing of a motion requesting that the Court resolve a dispute shall stay Defendants' obligation to pay any stipulated penalties with respect to the disputed matter pending resolution of the dispute.  Notwithstanding the stay of payment, stipulated penalties shall continue to accrue from the first day of any failure or refusal to comply with any term or condition of this Consent Decree.  In the event that Defendants do not prevail on the disputed issue, stipulated penalties shall be paid by Defendants within thirty (30) days after the Court issues its decision.

42. To the extent Defendants demonstrate to the Court that a delay or other non-compliance was due to a Force Majeure event (as defined in Paragraph 33 above) or otherwise prevail on the disputed issue, the Court shall excuse the stipulated penalties for that delay or non-compliance.

43. In the event that a stipulated penalty payment is applicable and not paid on time, interest will be charged in accordance with the statutory judgment interest rate provided for in 28 U.S.C. § 1961.  The interest shall be computed daily from the time the payment is due until the date the payment is made.  The interest shall also be compounded annually.

44. Defendants shall make any payment of a stipulated penalty by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the U.S. Department of Justice account in accordance

with current electronic funds transfer procedures, referencing U.S.A.O. file number (2014V00453), EPA Region 10, and the DOJ case number (DJ # 90-5-1-1-19398).  Payment shall be made in accordance with instructions provided to Defendants by the Financial Litigation Unit of the United States Attorney's Office for the Western District of Washington.  Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day.   Further, upon payment of any stipulated penalties, Defendants shall provide written notice, at the addresses specified in Section IX of this Decree.

**IX.  ADDRESSES**

45. All notices and communications required under this Consent Decree shall be made to the parties through each of the following persons and addresses:

    A.    <u>TO EPA</u>:

        (1)    Kristin Leefers
                Assistant Regional Counsel
                United States Environmental Protection Agency
                Region 10
                1200 Sixth Avenue
                Suite 900, ORC-158
                Seattle, WA 98101

        (2)    Krista Rave-Perkins
                Wetland Protection Specialist
                United States Environmental Protection Agency
                Region 10
                1200 Sixth Avenue
                Suite 900, ETPA-202-2
                Seattle, WA 98101

    B.    <u>TO THE UNITED STATES DEPARTMENT OF JUSTICE</u>

            Section Chief
            Environmental Defense Section
            Environment and Natural Resources Division
            U.S. Department of Justice
            P.O. Box 7611

Washington, D.C. 20044

C. TO DEFENDANTS:

(1) Suellyn Rader Blymyer
303 Snohomish Drive
La Conner, Washington 98257

(2) Uptrail Group LLC
Att: Suellyn Rader Blymyer, Manager
303 Snohomish Drive
La Conner, Washington 98257

(3) Amit D. Ranade
Andy F. Rigel
Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925

(4) Ankur K. Tohan
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158

**X. COSTS OF SUIT**

46. Each party to this Consent Decree shall bear its own costs and attorneys' fees in this action. Should Defendants subsequently be determined by the Court to have violated the terms or conditions of this Consent Decree, Defendants shall be liable for any costs or attorneys' fees incurred by the United States in any action against Defendants for noncompliance with or enforcement of this Consent Decree

**XI. PUBLIC COMMENT**

47. The parties acknowledge that after the lodging and before the entry of this Consent Decree, final approval by the United States is subject to the requirements of 28 C.F.R. § 50.7, which provides for public notice and comment. The United States reserves the right to withhold or withdraw its consent to the entry of this Consent Decree if the comments received disclose any facts which lead the United States to conclude that the proposed judgment is

inappropriate, improper, or inadequate.  Defendants agree not to withdraw from, oppose entry of, or to challenge any provision of this Consent Decree, unless the United States has notified Defendants in writing that it no longer supports entry of the Consent Decree.

## XII. CONTINUING JURISDICTION OF THE COURT

48. This Court shall retain jurisdiction over this action in order to enforce or modify the Consent Decree consistent with applicable law or to resolve all disputes arising hereunder as may be necessary or appropriate for construction or execution of this Consent Decree.  During the pendency of the Consent Decree, any party may apply to the Court for any relief necessary to construe and effectuate the Consent Decree.

## XIII. MODIFICATION

49. Upon its entry by the Court, this Consent Decree shall have the force and effect of a final judgment.  Any modification of this Consent Decree shall be in writing, and shall not take effect unless signed by both the United States and Defendants and approved by the Court.

50. The undersigned representatives of Defendants certify that each is authorized to enter into this Consent Decree on behalf of that party and to execute and legally bind the party to the terms and conditions of this Decree.

## XIV. TERMINATION

51. Except for Paragraph 21, this Consent Decree may be terminated by either of the following:

   A. Defendants and the United States may at any time make a joint motion to the Court for termination of this Consent Decree or any portion of it; or

   B. Defendants may make a unilateral motion to the Court to terminate this Consent Decree after each of the following has occurred:

   1. Defendants have obtained and maintained compliance with all provisions of this Consent Decree for twelve (12) consecutive months;

   2. Defendants have paid all penalties and other monetary obligations hereunder and no penalties or other monetary obligations are outstanding or owed to the United States;

   3. Defendant's have certified compliance pursuant to subparagraphs 1 and 2 above to the Court and all Parties; and

   4. EPA, within forty-five (45) days of receiving such certification from Defendants, has not contested in writing that such compliance has been achieved. If EPA disputes Defendant's full compliance, this Consent Decree shall remain in effect pending resolution of the dispute by the Parties or the Court, pursuant to section VI.

 52. The headings of the sections contained in this Consent Decree are for convenience only and shall not be deemed to control or affect the meaning or construction of any provision of this Decree.

 IT IS SO ORDERED.

Dated and entered this 1 day of October, 2015.

_John C. Coughenour_ (signature)

John C. Coughenour
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25